| iLOBRANO, Judge,
concurring.
I write separately to address the concerns of the dissenting judge. First, I agree with the majority conclusion that the 6 month period of La.R.S. 23:1271A(3) may not be waived by the claimant. The key word is “waived”. Had the claimant stated in the compromise documents that six months had elapsed since her disability terminated, then I would have affirmed the res judicata plea.
The dissent concerns itself with questions such as “[S]ome injuries to workers which are clearly covered under the worker’s compensation statutes never result in ‘total temporary disability1 and thus they may never *1117 be able to compromise their claims under the majority’s interpretation.” Stated another way, the dissent suggests that if a claimant did not sustain total temporary disability, there can be no settlement. That suggestion strains logic, for if there were no temporary total disability then subsection (3) would simply not be applicable. The legislature certainly did not intend that only injuries producing temporary total disability can be settled.
The dissent also suggests that somehow the authority of the hearing officer is usurped if the provisions of La.R.S. 23:1271A(3) are enforced. The implication being that a “fair and just” compromise may be thwarted by subsection (3) and actually work to the detriment of a claimant who is in necessitous circumstances. | gThis reasoning ignores the fact that the purpose of the compensation laws is not to award a claimant a lump sum for his injuries, but to provide maintenance to the employee while he is injured and unable to work. As the majority opinion notes, settlements are not and have never been favored in worker’s compensation eases. The law is intended to protect the claimant from the proverbial “lump sum” of money which may be squandered shortly thereafter leaving the out of work employee destitute. The compensation laws are designed to prevent this scenario. I appreciate subsection (3) as an attempt by the legislature to prevent a quick settlement before the injured claimant has reached maximum recovery.